**Opinion filed November 25, 2025**



## In The

# Eleventh Court of Appeals

_____

## No. 11-23-00250-CR

_____

## GUADALUPE GARCIA GUTIERREZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-22-0279-CR**

## M E M O R A N D U M   O P I N I O N

Appellant, Guadalupe Garcia Gutierrez, originally pleaded guilty to the state-jail felony offense of possession of a controlled substance, namely methamphetamine, in an amount of less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West Supp. 2024). Pursuant to the terms of the parties' negotiated plea agreement, the trial court deferred a finding of guilt and placed Appellant on deferred adjudication community supervision for two years.

The State subsequently filed a motion to adjudicate Appellant's guilt wherein it alleged ten violations of the terms and conditions of Appellant's community supervision. Appellant entered pleas of "true" to eight of the allegations. At the conclusion of the hearing on the State's motion, the trial court found all ten of the allegations in the motion to be "true," adjudicated Appellant guilty of the charged offense, revoked his deferred adjudication community supervision, and sentenced him to imprisonment for a term of twenty-two months in the State Jail Division of the Texas Department of Criminal Justice. The trial court additionally imposed a $700 fine and ordered Appellant to pay $594.50 in court costs, $1,340 in reimbursement fees, and $160 in restitution.

In a single issue on appeal, Appellant contends that the trial court erred when it failed to make an on-the-record inquiry as to Appellant's ability to pay his fine and costs. We affirm.

*Analysis*

Appellant contends that the trial court erred when it did not follow Article 42.15(a-1) of the Texas Code of Criminal Procedure, which requires that trial courts (1) conduct an on-the-record inquiry as to a defendant's ability to pay fines and costs upon sentencing, and, in the event that the trial court determines the defendant does not have sufficient resources or income to immediately pay all or part of his fines and costs, (2) make a determination as to how the fines and costs should be paid. Appellant asserts that the proper remedy is for this court to remand the cause to the trial court so that the trial court may make an on-the-record inquiry and determination as to how or whether the fine assessed by the trial court should be paid by Appellant.

Article 42.15(a-1) states, in pertinent part:

> Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant

2

entered a plea in open court as provided by Article 27.13, 27.14(a), or 27.16(a), a court shall inquire on the record whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs.  If the court determines that the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether the fine and costs should be:

> (1) subject to Subsection (c), required to be paid at some later date or in a specified portion at designated intervals;
>
> (2) discharged by performing community service . . . ;
>
> (3) waived in full or in part . . . ; or
>
> (4) satisfied through any combination of methods under subdivisions (1)-(3).

TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (West Supp. 2024).

The State responds by asserting that (1) Appellant has inadequately briefed whether Article 42.15(a-1) applies to adjudication of guilt and deferred adjudication community supervision revocation proceedings, and (2) even if Article 42.15(a-1) does apply, the record reflects that the trial court made an inquiry into Appellant's ability to pay, thereby satisfying the Article's requirements.

We first note that the State is incorrect in its contention that Article 42.15(a-1) does not apply to deferred adjudication and revocation proceedings.  This court, as well as several of our sister courts, have applied Article 42.15(a-1) to deferred adjudication and revocation proceedings.  *See Kendrick v. State*, No. 11-23-00146-CR, 2025 WL 51819, at *1 (Tex. App.—Eastland January 9, 2025, no. pet. h.) (mem. op., not designated for publication) (collecting cases).

Appellant asserts that the ability-to-pay inquiry is an "absolute requirement." However, the Texas Court of Criminal Appeals has recently held that an Article 42.15(a-1) ability-to-pay inquiry is a forfeitable right.  *Cruz v. State*, 698 S.W.3d 265, 269, 271 (Tex. Crim. App. 2024).  As such, an appellant forfeits his or

3

her right to an ability-to-pay inquiry by not timely objecting to the trial court's failure to do so at or near the time of sentencing. *Id.* at 271. Therefore, because Appellant did not request that an ability-to-pay inquiry be made or object to the lack of an inquiry on the record, he has forfeited his complaint on appeal. *See id.*

Moreover, Appellant was indigent in the trial court proceedings with court-appointed counsel. The judgment adjudicating Appellant's guilt states that, "After having conducted an inquiry into Defendant's ability to pay, the Court ORDERS Defendant to pay the fines, court costs, reimbursement fees, and restitution as indicated above." The judgment further ordered Appellant to, upon his release of confinement, "proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due."

We have consistently held that a trial court's finding of indigency paired with an order to pay assessed fines and costs upon release from confinement is sufficient evidence of the trial court's inquiry finding and payment determination, even if the trial court did not make an explicit inquiry on the record. *See Polanco v. State*, 690 S.W.3d 421, 434–35 (Tex. App.—Eastland 2024, no pet.); *Calicutt v. State*, No. 11-22-00295-CR, 2024 WL 3528145, at *2–3 (Tex. App.—Eastland July 25, 2024, no pet.). Accordingly, because Appellant has not challenged the trial court's determination of when he is to pay the assessed fine, remanding this cause to the trial court for the sole purpose of reiterating the trial court's determination is unnecessary and would constitute a waste of judicial resources. *See Polanco*, 690 S.W.3d at 435 & n.5. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


November 25, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.